**WALDO THEATRE CORPORATION v. DONDIS et al.**

**Civ. A. No. 39.**

District Court, D. Maine, S. D.

Feb. 6, 1941.

Supplemental Memorandum and Order
Feb. 25, 1941.

George S. Ryan, of Boston, Mass., for plaintiff.

Nutter, McClennen & Fish, of Boston, Mass. (Edward F. McClennen and Jacob J. Kaplan, both of Boston, Mass., of counsel), for defendants M. & P. Theatres Corporation and others.

Perkins, Weeks & Hutchins, of Waterville, Me. (Carroll N. Perkins and Thomas N. 'Weeks, both of Waterville, Me., of counsel), for defendants Loew's Inc., and others.

Dwight, Harris, Koegel & Caskey, of New York City (John F. Caskey, of New York City, of counsel), for defendant Twentieth Century-Fox Film Corporation.

PETERS, District Judge.

At the request of counsel for plaintiff a hearing was had in Portland on February 1, 1941, on objections filed to plaintiff's interrogatories. From the statements at the hearing and the record in the case, it appears that the interrogatories were filed August 28 last, and objections filed September 28. The matter was brought on for hearing, as mentioned, February 1 of this year. Meanwhile the case had been referred to a special master and hearings before him in Boston commenced December 3 last, and have continued ever since with a short intermission during the holidays. I am told that numerous counsel are present and that the mass of evidence, especially exhibits, has become extremely large already. The interrogatories are 174 in number but many more actually on account of subdivisions of questions. It is apparent that the interrogatories have been prepared on the mass production plan allegedly to cover the ground in other cases besides this, and to put upon the defendant the burden of supplying information which may be applicable to one case or the other.

It is admitted that some of the information required by the interrogatories has already been produced at the hearings now in progress, and that other information also asked for will, in the regular course of the case, also be produced. The fact that these objections have been allowed to slumber so long without bringing them on for a hearing, and that they have to some extent already been answered and are being answered in the course of the hearings before the Master militates somewhat against the position of the plaintiff that it is important from his standpoint to have answers to his questions at the present time. However, regardless of that feature, it is evident that some of these interrogatories need not now be answered, and that some of them will be answered in the course of the hearings now progressing, and that some at least should not be answered at all. It is also quite possible that some of the information asked for is pertinent and better obtained by interrogatories than by testimony. The matter of corporate connections and set-ups could probably better be brought out by interrogatories than in any other way.

The court is entirely unfamiliar with the details of the case. It is familiar only with the general larger issues in the case. The special master on the other hand, having now already been in the case for many weeks, is thoroughly familiar with the details and for that reason, and having confidence in his judgment and fairness, and in the interest of what is probably better procedure and a better result, I think the matter of objections to interrogatories should be taken over by the Special Master and handled by him in the course of the proceedings now in progress before him. He has the data from which he can decide what information asked for has already been brought out; he can best decide as to what other information asked for is coming out in the course of the hearings, and what had better be brought out that way and what by answers to interrogatories. He is familiar with the evidence already introduced, and in better position than the court is at the present time to determine the relevancy and propriety of specific questions. For these and other reasons, I have decided to refer this matter to the Special Master, and it is therefore ordered that the matter of objections to interrogatories filed by the plaintiff in the above-entitled action be referred to Francis P. Freeman, Special Master already acting as such in this case, and that he have authority to consider and pass upon such objections in connection with the matters now in hearing before him; either to pass upon them as a whole, or in parts, as he deems most expedient; to take such other action in connection with the same matter as is best adapted to orderly procedure in connection with the hearing now in progress

and to avoid unnecessary delay and expense for the parties.

Supplemental Memorandum and Order.

On February 6, 1941, the Court filed a memorandum on objections to interrogatories and an order of reference to the Master now acting in the case.

Under the circumstances of the case, some of which were mentioned in the memorandum referred to, especially in view of the fact that the Master, under Rule 53, 28 U.S.C.A. following section 723c, may require the production before him of evidence upon all matters embraced in the reference, including books, papers, documents and writings applicable thereto, and may rule upon the admissibility of evidence, and especially because the Master, having now heard evidence in the case still continuing before him since December 3, 1940, is in a far better position than the Court to pass upon the relevancy of any evidence offered, it was thought by the Court to be a practical solution of the problems caused by the objections to interrogatories, and obviously in the interest of good procedure and a correct result for the Master, now thoroughly familiar with the case, to pass upon the objections in the first instance. It seems, however, that such a course is not acceptable to counsel for plaintiff, because objections to the Court's action have been filed on the ground that it had no authority to refer such objections to a Master.

While the reason for the objections to the reference are not considered sound, the plaintiff is, of course, entitled to have the defendants' objections to the interrogatories passed upon, even if the subject matter of many of the interrogatories has already been covered by evidence introduced in the pending hearing, and is being covered from day to day.

The order above referred to was purposely made general and elastic, "to take such other action in connection with the same matter as is best adapted to orderly procedure in connection with the hearing now in progress and to avoid unnecessary delay and expense for the parties", in order that counsel could take up matters in controversy and handle them directly with the Master from time to time as was necessary; but as that procedure is apparently not acceptable to the plaintiff, the direction to the Master will be made less general in its scope so that an early report of the Master may be made and the matter disposed of at this stage of the proceedings, and it is accordingly further ordered that the Master, as soon as practicable, make a report showing:

.1. What matters covered by the interrogatories referred to have now been the subject of evidence before the Master, and answered.

2. What interrogatories, for lack of relevancy or other reasons, should not be answered, in view of the issues in the case.

3. His recommendations as to the remaining interrogatories, indicating such as should be answered now in writing and such as should be deferred pending further evidence in the case.

The objections of the plaintiff to the action of the Court in making the order of reference to the Master are overruled, except so far as they may be covered by this supplemental memorandum.